**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 95-40275
Summary Calendar
_____

**RICHARD C. GRAYSON,**

**Plaintiff-Appellant,**

**versus**

**FEDERAL PRISON INDUSTRIES FACTORY,
UNICOR SECTION - FCI THREE RIVERS, TEXAS, ET AL.,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court
for the Southern District of Texas
(C-92-CV-325)**
_____
(October 12, 1995)

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Proceeding _pro se_ and _in forma pauperis_, Richard C. Grayson, a prisoner at the Federal Correctional Institute in Three Rivers, Texas, appeals the summary judgment granted the Federal Prison Industries Factory and several prison officials. Concluding that Grayson's constitutional rights were not violated, and that he has no claims against prison officials for negligence, discrimination, or conspiracy, we **AFFIRM**.

---

[1]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

Grayson's original complaint against the Federal Prison Industries Factory and prison officials appeared to claim negligence, but did not present facts supporting his action. Upon the magistrate judge requiring a more definite statement, Grayson responded that he wished to appeal an adverse ruling in a grievance procedure and stated the underlying facts supporting his complaint.

According to Grayson's response, he was denied a job assignment in the Federal Prison Industries program (UNICOR) by the defendant federal prison officials. Grayson alleged that he requested employment in UNICOR upon his arrival at the prison; however, the defendants operated the waiting list negligently and advised him incorrectly about his status on the list, delaying his job placement in the program. Grayson maintained that the defendants conspired to keep his name off the UNICOR waiting list and to cover up their negligence.

Following Grayson's response, the defendants moved to dismiss, and alternatively, for summary judgment. The district court adopted the magistrate judge's recommendation and granted summary judgment, concluding that Grayson failed to show that the defendants violated his constitutional rights.

## II.

The district court liberally construed Grayson's complaint as filed pursuant to 42 U.S.C. § 1983. *E.g., **Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Price v. Digital Equip. Corp.***, 846 F.2d 1026, 1028 (5th Cir. 1988) (*pro se* litigant's pleadings and briefs are

entitled to liberal construction). However, the court erred in applying § 1983, because Grayson sued only federal officers and did not allege that they acted under color of state law, as required by § 1983. In issue are the Federal Tort Claims Act and/or *Bivens*.[2] *See* **Hessbrook v. Lennon**, 777 F.2d 999, 1001-02 (5th Cir. 1985), *abrogated on other grounds by* **McCarthy v. Madigan**, 504 U.S. 140 (1992). FTCA and *Bivens* claims are not mutually exclusive. *Id.* at 1001.

We review a summary judgement *de novo*. As is well established, this court is "not bound in [its] review of a grant of a motion for summary judgment to the grounds articulated by the district court, for [it] may affirm the judgment on other appropriate grounds." **Coral Petroleum, Inc. v. Banque Paribas-London**, 797 F.2d 1351, 1355 n.3 (5th Cir. 1986). Therefore, we may review the summary judgment to determine if it is appropriate for an FTCA or *Bivens* claim.

Grayson claims that the prison officials were negligent in their handling of the waiting list, that they discriminated against him by removing his name from the list, and that they conspired to lie about his placement on it. Even liberally construing his allegations, Grayson presents neither a *Bivens* nor an FTCA claim.

A.

Analysis of a *Bivens* claim focuses first on whether Grayson held a liberty interest secured by a constitutional right that was violated by the defendants. See **Enplanar, Inc. v. Marsh**, 11 F.3d

---

[2]    **Bivens v. Six Unknown Named Agents**, 403 U.S. 388 (1971).

- 3 -

1284, 1295-96 (5th Cir.) *cert. denied* ___ U.S. ___, 115 S. Ct. 312 (1994). As hereinafter discussed, in that Grayson had no liberty interest that was violated, a **Bivens** action cannot stand.

Prisoner classification and eligibility for rehabilitation programs in federal prisons are not directly subject to "due process" protection. **Moody v. Daggett**, 429 U.S. 78, 88 n.9 (1976). An inmate's expectation of keeping a particular prison job does not amount to a "property" or "liberty" interest protected under the due process clause. **Bryan v. Werner**, 516 F.2d 233, 240 (5th Cir. 1975). Prisoners have no constitutionally protected liberty or property interest *per se* in their prison job assignments. **Jackson v. Cain**, 864 F.2d 1235, 1250 (5th Cir. 1989). "A prisoner does not have a legitimate claim of entitlement to continuing UNICOR employment." **Bulger v. U.S. Bureau of Prisons**, ___ F.3d ___, ___, (5th Cir. 1995) (No. 94-41226). Likewise, an inmate's expectation of getting a particular prison job does not amount to a "property" or "liberty" interest entitled to protection under the due process clause.

Therefore, any error in placing Grayson on the waiting list for a UNICOR job does not rise to the level of a due process violation. Moreover, Grayson was not harmed by any errors in placement on the list, because he was offered a job in June 1992, at the same time as other prisoners who were placed on the waiting list when Grayson originally applied. And, upon being hired, Grayson requested not to be placed in UNICOR until after his appeal.

The defendants carried their summary-judgment burden by pointing out that Grayson was merely challenging his eligibility for a UNICOR job and by stating that, because he failed "to allege facts constituting a violation of a right secured under the United States Constitution," Grayson was not entitled to relief. The defendants having satisfied their burden, Grayson was required to identify specific evidence in the record demonstrating the existence of a material fact issue for trial, without resting upon mere allegations. *E.g., Anderson v. Liberty Lobby*, 477 U.S. at 256-57. He failed to do so. He produced documentation relating to work detail assignments and his administrative appeal, but did not present facts material to whether he held an established liberty or property interest in a UNICOR job assignment. In his pleadings, Grayson did not even allege a specific constitutional violation or that he held a liberty interest, stating only that he and other inmates were "deprived of their rights, privileges, and/or immunities secured by the United States Constitution. . . ."

## B.

Nor can Grayson's claim stand under the FTCA, because he did not seek to hold the United States liable; the United States is the proper party-defendant for such an action. U.S.C. § 1346(b); *see Finley v. United States*, 490 U.S. 545, 552 (1989) *superseded by statute on other grounds as stated in Federal Sav. and Loan Ins. Corp. v. Mackie*, 949 F.2d 818 (5th Cir. 1992).

IV.

For the foregoing reasons, the judgment is

**AFFIRMED**.